IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YVONNE REED, <br>     *Plaintiff*, | § <br> § <br> § <br> § | |
| V. | § | CIVIL NO. 4:24-CV-597-P |
| | § | |
| CLEIGH RYAN VOORHEES, et al. <br>     *Defendants*. | § <br> § <br> § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S AMENDED COMPLAINT**

On June 26, 2024, *pro se* Plaintiff filed a Complaint against Defendants. Thereafter, in an order dated June 28, 2024, Plaintiff was granted permission to proceed *In Forma Pauperis* ("IFP"). On July 2, 2024, the Court entered an order which noted that "Plaintiff's complaint does not comply with the applicable pleading standards, and does not state a claim upon which relief can be granted. Specifically, Plaintiff brings her cause of action alleging discrimination under Title VIII of the Civil Rights Act of 1968 but she does not allege any discrimination." (ECF No. 6). In that same order, the Court ordered Plaintiff to file an "amended complaint that complies with the [Federal Rules of Civil Procedure ("Rules")] and includes a plain statement of all her claims against all Defendants" no later than July 15, 2024. (*Id.*). Plaintiff failed to file an Amended Complaint by the Court ordered deadline. On July 16, 2024, the Court entered an order giving Plaintiff fourteen more days to file her Amended Complaint. (ECF No. 8). Plaintiff filed her "Second Amended Complaint" on July 19, 2024. (ECF No. 9). As best as the Court can tell, Plaintiff's Amended Complaint is identical to her Original Complaint. (See ECF Nos. 1, 9).

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding IFP. Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable

basis either in law of fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief about the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 550).

In this case, the Court has given Plaintiff an opportunity to file an amended complaint that complies with the Rules and states a claim upon which relief can be granted.  Plaintiff, however, has failed to do so.  Just as with her Original Complaint, Plaintiff's Amended Complaint alleges race and age discrimination under "Title VIII of the 1968 Civil Rights Act." (ECF No. 9).  However, despite the Court's notice regarding this issue, Plaintiff fails to plead any facts which could give rise to the inference that she was discriminated against based on her age or race. (*Id.*).  Consequently, Plaintiff has failed to state a claim upon which relief can be granted and her claims should be **DISMISSED**.

Courts ordinarily err in dismissing *pro se* complaints for failure to state a claim without first extending an opportunity to amend the pleadings.  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).  However, in this case, Plaintiff has already been given an opportunity to file an amended complaint that complies with the Rules and states a valid claim.  Plaintiff's Amended Complaint, which is the live pleading before the Court, does not allege a viable legal claim or cause of action.  Thus, the Court finds and concludes that Plaintiff has asserted her best case and the granting of any additional leave for Plaintiff to amend her claims would be futile.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served

with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **August 2, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 19, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE