UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

Y‌VONNE R‌EED,

   Plaintiff,

v.                                           No. 4:24-cv-0597-P

C‌LEIGH R‌YAN V‌OORHEES, ET AL.,

   Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 10. In response to the FCR, *pro se* Plaintiff Yvonne Reed did not file an objection. Instead, Plaintiff filed a Second Amended Complaint, which the Court liberally construes as an objection to the FCR. ECF No. 11. Having conducted a *de novo* review of the FCR, the Court will **ADOPT** the reasoning of the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objection.

Noting deficiencies in Reed's Complaint, the Magistrate Judge ordered Reed to file an amended complaint no later than July 15, 2024. *See* ECF No. 8. Reed did not file an amended complaint, and on July 16, 2024, the Magistrate Judge entered an order giving Reed a second opportunity to file an amended complaint. *See* ECF No. 9. Reed then filed an Amended Complaint on July 19, 2024, which appears to be identical to her original Complaint. *Compare* ECF No. 1, *with* ECF No. 9. Accordingly, the Magistrate Judge issued an FCR recommending dismissal of Reed's claims for failure to state a claim upon which relief can be granted. ECF No. 10. Specifically, the Magistrate Judge noted that "Plaintiff's Amended Complaint alleges race and age discrimination under 'Title VIII of the 1968 Civil Rights Act,'" but "despite the Court's notice regarding this issue, Plaintiff fails to plead any facts which could

give rise to the inference that she was discriminated against based on her age or race." ECF No. 10 at 2. In response to the FCR, Reed has filed a Second Amended Complaint instead of an objection to the FCR. ECF No. 11.

A party filing an objection to an FCR must "specifically identify those findings objected to." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Therefore, plaintiffs are required to make objections to specific findings within the FCR, and frivolous, conclusory, or general objections need not be considered by the Court. *See id.* To the extent Reed's Second Amended Complaint can be construed as an objection, it fails to make specific objections. The Magistrate Judge is correct that Reed's July 19 Amended Complaint failed to state a claim upon which relief can be granted. And although Reed's Second Amended Complaint is not a copy of her prior Complaint, the Second Amended Complaint nonetheless also fails to state a claim for the same reasons as the Magistrate Judge noted. Namely, despite bringing a discrimination claim, her Second Amended Complaint fails to allege any facts that could give rise to an inference of discrimination. *See id.*

Accordingly, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR, **OVERRULES** Plaintiff's objection, and **ORDERS** that this case is **DISMISSED without prejudice**.

**SO ORDERED** on this **13th day of August 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE